IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALEXANDER DELGADO,                                No. 2:14-cv-0634-CMK-P

    Plaintiff,

  vs.                                                                       ORDER

JERRY SANTANA, et al.,

    Defendant.

           Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.   Pending before the court is plaintiff's complaint (Doc. 1).

           The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

1

rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

In his complaint, plaintiff alleges he was subjected to the use of excessive force and was denied medical treatment for the injuries he sustained. Specifically, plaintiff alleges that while his cell was being searched, he was placed in handcuffs. Defendant Santana put the handcuffs on too tight, then forced his arms up too high causing pain, and when plaintiff complained defendant Santana forced plaintiff to the ground. Once on the ground, defendants Santana, Young and Fish all jumped on his back, Santana kneeling on his neck. Defendants Young and Fish then grabbed his legs and put him in leg irons, and carried or drug him across the yard, dropping him on his face at one point. Once plaintiff was secured in a holding cell, defendant La Grange completed a medical report, but refused plaintiff's requests for treatment. Defendant Beck similarly refused to allow plaintiff medical treatment for his injuries, even after being made aware of them. Finally, he alleges defendant Vegas continually harassed and mocked plaintiff once he was returned to his cell.

Plaintiff names several other defendants but alleges no facts indicating they were involved in the incidents, including Rodriguez, Frackrell, and Miranda.

## II. DISCUSSION

To the extent plaintiff alleges defendants Santana, Young and Fish used excessive force in violation of his Eighth Amendment rights, plaintiff's complaint appears to state a claim. However, any other claims plaintiff is attempting to state are unclear.

To the extent plaintiff alleges a violation of his Eighth Amendment right for failure to provide medical treatment, he has not provided the court with sufficient facts for the

court to evaluate this claim.

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind."  See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837.  This applies to physical as well as dental and mental health needs.  See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982).  An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain.  See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

Here, it appears that the injuries plaintiff sustained from the handcuff incident were some cuts and bruises. It does not appear that the injuries were sufficiently serious that the failure to treat could result in further significant injury or the unnecessary and wanton infliction of pain. However, it is possible that plaintiff suffered from other more serious injuries that he failed to allege in his complaint. If so, the defect in this claim may be cured.

In addition, plaintiff names other individuals as defendants to this action, but fails to allege any facts related to the actions of those individuals. To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's

causal role in the alleged constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).  This defect is also potentially curable if these other individuals were somehow involved in the alleged incident, but plaintiff simply failed to allege their involvement.

However, plaintiff's claim against defendant Vegas for harassment fails as a matter of law.  As stated above, a prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind."  See id.  Allegations of verbal harassment do not state a claim under the Eighth Amendment unless it is alleged that the harassment was "calculated to . . . cause [the prisoner] psychological damage."  Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987); see also Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998).  In addition, the prisoner must show that the verbal comments were unusually gross, even for a prison setting, and that he was in fact psychologically damaged as a result of the comments.  See Keenan, 83 F.3d at 1092.  Plaintiff's allegations that defendant Vegas kicked his door and asked if he still wanted to kill him, with a smile and laugh, do not raise to the level of an Eighth Amendment violation.  This claim does not appear to be curable.

### III.  CONCLUSION

Because it is possible that some of the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.

See id.

Because some of the defects identified in this order cannot be cured by amendment, plaintiff is not entitled to leave to amend as to such claims. Plaintiff, therefore, now has the following choices: (1) plaintiff may file an amended complaint which does not allege the claims identified herein as incurable, in which case such claims will be deemed abandoned and the court will address the remaining claims; or (2) plaintiff may file an amended complaint which continues to allege claims identified as incurable, in which case the court will issue findings and recommendations that such claims be dismissed from this action, as well as such other orders and/or findings and recommendations as may be necessary to address the remaining claims.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that plaintiff may file an amended complaint within 30 days of the date of service of this order.

DATED: November 2, 2015

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE