**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALEXANDER DELGADO, | No. 2:14-cv-0634-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| JERRY SANTANA, et al., | |
| Defendant. | |
| _____/ | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are several motions plaintiff has filed indicating that this case was closed in error. The court has interpreted these motions as a motion for reconsideration. Defendants were ordered to respond to the plaintiff's motions, and those responses have been submitted.

The court may grant reconsideration of a final judgment under Federal Rules of Civil Procedure 59(e) and 60. Generally, a motion for reconsideration of a final judgment is appropriately brought under Federal Rule of Civil Procedure 59(e). See Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985) (discussing reconsideration of summary judgment); see also Schroeder v. McDonald, 55 F.3d 454, 458-59 (9th Cir. 1995). The motion must be filed no later

1


than twenty-eight (28) days after entry of the judgment.[1] See Fed. R. Civ. P. 59(e). Under Rule 59(e), three grounds may justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.[2] See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988); see also 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999); accord School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

Alternatively, under Rule 60(b), the court may grant reconsideration of a final judgment and any order based on, among other things: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within ten days of entry of judgment; and (3) fraud, misrepresentation, or misconduct of an opposing party. A motion for reconsideration on any of these grounds must be brought within a reasonable time and no later than one year of entry of judgment or the order being challenged. See Fed. R. Civ. P. 60(c)(1).

The basis of plaintiff's motion appears to be mistake or clear error.

On March 29, 2016, the undersigned conducted a settlement conference in one of plaintiff's other cases in this court, case number 2:14-cv-0306-EFB, at High Desert State Prison, as well as a Lassen County Superior Court case, number JC57685. Plaintiff was present and participated in the negotiations with the undersigned acting as mediator between plaintiff and defense counsel who appeared by video conference. During the negotiations, the parties included

---

[1] Pursuant to Houston v. Lack, 487 U.S. 266 (1988), for pro se prisoner litigants seeking reconsideration, the court calculates the 28-day period from the date the motion was delivered to prison authorities for mailing to the court. Otherwise, the 28-day period is calculated based on the date the motion for reconsideration is actually filed.

[2] If reconsideration is sought based on new evidence which could not have been discovered through due diligence in time to move for reconsideration under Rule 59(e), relief may be available under Federal Rule of Civil Procedure 60(b)(2). A motion under Rule 60(b)(2) may not be brought more than one year after entry of judgment.

this case in a global settlement, settling all three cases.  Thereafter, the defendants obtained plaintiff's approval of a stipulated dismissal, which was filed with the court on April 4, 2016. Judgment was then entered and this case was closed.  Plaintiff now seeks to reopen this case, arguing there was an error and this case was not included as one of the cases settled at the settlement conference.

In response, counsel for the defendants set forth their recollection as to the events during the settlement conference.  Counsel recalls it was plaintiff's suggestion to settle this case as part of a global settlement of all of plaintiff's cases.  As such, the defendants offered a larger settlement in consideration of settling all three cases.  Counsel present for the defendants in the settlement conference case then contacted counsel for the defendants in this case, who approved the global settlement.  In support of the defendants' version of events, counsel has provided the court with a declaration of Deputy Attorney General Aseil Mohmoud, who participated in the settlement conference on behalf of the defendants in a third case, the Lassen County Superior Court case.  Defense counsel sets forth the events of the day, including the negotiation of a global settlement of all three of plaintiff's cases, and explained that because the agreed upon settlement included a transfer of property the settlement agreements had to be modified.  Plaintiff was later presented with settlement agreements for the three cases, which he agreed to and signed.

The court's recollection of the events concurs with the defense counsel's.  This is supported by the stipulations for dismissal plaintiff signed.  As plaintiff indicates, the parties were separated during the negotiations, with the undersigned communicating with them individually.  This is typically how settlement conferences are conducted so the parties may discuss their case freely without the opposing party present.  The negotiator then communicates between the parties.  Following the successful negotiation, plaintiff was presented with three separate stipulations for dismissal, and it was explained to plaintiff what he was agreeing to and what he was getting in exchange for the three stipulated dismissals.  Plaintiff stated he understood and agreed to the global settlement.

1  Plaintiff's claim³ that he did not settle this case in addition to the other two cases, and that the judgment and dismissal were entered in error is unsupported.  Plaintiff provides no support for his claim that this case was not included in the settlement.  While not originally set for the settlement conference, that did not bar the parties from including it in a global settlement of all three cases.  Similarly, that the parties entered into a separate settlement stipulation from the one prepared for the other two cases at the settlement conference is not a bar to the inclusion of this case in the settlement.  Plaintiff has been provided the benefit of the settlement, as the defendants have paid him the agreed upon sum and property negotiated.  The court finds no error or mistake, and declines to reverse a settlement plaintiff agreed to and has already benefitted from.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motions for reconsideration (Docs. 33, 34, 35, 36, 40) are denied.

DATED: March 30, 2017

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

---

³  Plaintiff appears to be confused as to the judges involved in his various cases.  He had two cases pending in this court, this cases in which the undersigned was assigned, and 2:14-cv-0306-EFB, in which case Magistrate Judge Brennan was assigned.  The undersigned was drawn to conduct the settlement conference in Judge Brennan's case.  The undersigned was the one in attendance at High Desert State Prison for the settlement conference, not Judge Brennan.